IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID T. USSERY,

        Plaintiff,                        No. CIV S-06-0586 MCE KJM P

     vs.

UNITED STATES ATTORNEY,
et al.,

        Defendants.              <u>ORDER</u>

        Plaintiff is a federal prisoner housed at the United States Penitentiary at Lompock proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $9.40 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1    Plaintiff alleges that his vision has deteriorated significantly since he has been in
2 jail, but that he has not been scheduled to see an optometrist, even though the Honorable
3 Lawrence K. Karlton asked the Marshal's Service and the U.S. Attorney's Office to look into the
4 question.
5    In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
6 inadequate medical care did not constitute cruel and unusual punishment cognizable under
7 § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical
8 needs." In applying this standard, the Ninth Circuit has held that before it can be said that a
9 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
10 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
11 cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle,
12 429 U.S. at 105-06. Plaintiff may have a claim of deliberate indifference, but the court cannot
13 determine what, if anything, plaintiff has done to bring his problem to the attention of the jail
14 authorities.
15    Moreover, a plaintiff must connect the named defendants clearly with the claimed
16 denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for
17 deliberate indifference to assault requires that official know of and disregard an "excessive
18 risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises
19 only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is
20 no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44
21 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named
22 defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998),
23 cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that
24 show that an individual was personally involved in the deprivation of his civil rights.").
25 Plaintiff's claim that a judge asked the named defendants to look into the denial of medical care
26 /////

does not necessarily make them responsible under the civil rights act or in a Bivens action against federal officials.[1]

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

/////

/////

/////

---

[1] Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388 (1971).

4

1    2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $9.40  All fees shall be collected and paid in accordance with this court's order to the United States Penitentiary at Lompoc filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: December 14, 2006.

_____
U.S. MAGISTRATE JUDGE

2
usse0586.14

5